Stuart **PINKERT**, as Custodian for Karen M. Pinkert, and on behalf of other holders of Common Stock Purchase Warrants of National Recreation Products Inc., a Delaware corporation, Applicant for Intervention and Objector to Proposed Settlement Below, Appellant,

v.

John **WION**, Plaintiff Below, Appellee,

and

National Recreation Products, Inc., W. O. Duvall, Abe Yeddis, J. H. Segell, G. R. Fisher, J. A. Gammon, B. L. Goldberg, Stephen Cohen, R. F. Custer, Melvin Marx, Howard Reich, D. G. McClinton, A. B. Solomon, B. J. Ruysser, and Fuqua Industries, Inc., Defendants Below, Appellees.

Supreme Court of Delaware.

Submitted June 9, 1981.

Decided June 17, 1981.

Craig A. Karsnitz, of Young, Conaway, Stargatt & Taylor, Wilmington, and Panter, Nelson & Bernfield, Ltd., Chicago, Ill., for applicant for intervention and objector to proposed settlement below, appellant.

Victor F. Battaglia, of Biggs & Battaglia, Wilmington, and Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff below, appellee.

Louis J. Finger and Samuel A. Nolen, of Richards, Layton & Finger, Wilmington, for National Recreation Products, Inc. and Fuqua Industries, Inc., defendants below, appellees.

Before DUFFY, McNEILLY and QUILLEN, JJ.

PER CURIAM:

This is an appeal from the denial of a motion to intervene by a member of a class in a class action. We consider whether this appeal was timely under Supreme Court Rule 6 and the underlying statute, 10 *Del.C.* § 145.

On December 5, 1980, the Court of Chancery in a memorandum opinion denied appellant's application to intervene. On the same date in the same opinion, a proposed settlement was approved. On January 12, 1981, the Court of Chancery entered an order giving final effect to its opinion of December 5th. Appellant filed a motion to reargue on January 15th, which was denied as untimely and without merit on February 23, 1981. Appellant then appealed to this Court on March 24, 1981.

Appellees assert that this appeal is untimely under Supreme Court Rule 6 and 10 *Del.C.* § 145 because it was not filed "within 30 days after entry of the judgment or order from which the appeal was taken", i. e., within 30 days of January 12th.*

Appellant argues that the appeal is timely because it was filed within 30 days of the order entered on February 23rd, denying the motion for reargument.

Resolution of this issue depends upon the timeliness of appellant's January 15th motion to reargue. Although a timely motion for reargument will toll the period for appeal, an untimely motion will not. *Preform Building Components, Inc. v. Edwards,* Del.Supr., 280 A.2d 697, 698 (1971) (Superior Court Rules); 6A Moore's Federal Practice § 59.09[1] (2d ed. 1979).

Court of Chancery Rule 59(f) provides that a motion for reargument may be

---

* Supreme Court Rule 6 reads in part: "A notice of appeal shall be filed in the office of the Clerk of this Court within 30 days after entry of the judgment or order from which the appeal is taken."

10 *Del.C.* § 145 reads in part: "No appeal from a final judgment or decree of the Court of

Chancery shall be received or entertained in the Supreme Court unless the praecipe or notice of appeal is duly filed in the office of the Clerk thereof within 30 days after the date of the judgment or decree."

filed "within 5 days after the filing of the Court's *opinion* or the receipt of the Court's *decision*...." (emphasis added). Here the decision of the Court of Chancery was expressed in an opinion dated December 5, 1980. While the opinion needs to be implemented by an order, the opinion itself under the express language of Rule 59(f) is effective to commence the period permitted for a motion to reargue. Accordingly, appellant's motion to reargue, dated January 15, 1981, was untimely. As noted, untimely motions to reargue will not toll the appeal period to this Court. Therefore, the appeal of March 24, 1981 is also untimely since it comes more than 30 days after the final order entered on January 12, 1981.

Appellees' motion to dismiss this appeal is therefore granted, and the appeal is dismissed.