**VIOLENT CRIMES COMPENSATION BOARD, Defendant Below, Appellant,**

v.

**Robert LINTON, Jr., Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: June 30, 1988.
Decided: July 15, 1988.

John J. Polk, Deputy Atty. Gen., Wilmington, for appellant.

Steven J. Stirparo, and Philip E. Herrmann of Schmittinger & Rodriguez, P.A., Wilmington, for appellee.

Before CHRISTIE, C.J., WALSH and HOLLAND, JJ.

HOLLAND, Justice:

This case arises under the Violent Crimes Compensation Act, 11 *Del. C.* §§ 9001–9018. On June 20, 1988, the appellant, the Violent Crimes Compensation Board (the "Board"), filed a notice of appeal with this Court from an order of the Superior Court, dated May 27, 1988. The notice of appeal purports to be a direct appeal from the final order of the Superior Court.

The appellee, Robert Linton, Jr. ("Linton"), has filed a motion to dismiss the appeal on the grounds that the May 27, 1988 decision by the Superior Court was not a final order but was an interlocutory order and that the Board has failed to comply with the procedural requirements of Supreme Court Rule 42 governing interlocutory appeals. We have concluded that the motion to dismiss must be granted.

## Procedural History

Linton filed a claim with the Board because of a criminal incident which resulted in his being shot. Linton apparently started a fight with a person identified as David Mathewson ("Mathewson"). The fight evidently started in a bar, but it progressed to a street adjoining the bar. Mathewson's girlfriend, who was waiting for Mathewson in a car outside of the bar, shot Linton once in the shoulder and once in the leg.

The Board concluded that Linton was not entitled to any compensation. In its May 27, 1988 order, the Superior Court found that the Board had erred as a matter of law in failing to focus on the causation of Linton's injuries and remanded the case to the Board for reconsideration. The Superior Court's decision stated:

> The shooting, therefore, should be considered as a superseding intervening act that was the cause of appellant's injuries and not the direct result of his fisticuffs. The foolhardy action by appellant did not substantially provoke the use of deadly force by another. Hence, his claim for compensation should not be completely denied. 11 *Del. C.* § 9006(b)–(c). I REVERSE and REMAND to the Board for reconsideration of its total denial of compensation, so as to be in conformity with the above conclusions.

*Linton v. Violent Crimes Compensation Bd.*, Del.Super., C.A. 86A–AP–9, Stiftel, P.J. (May 27, 1988) at 6–7 [available on WESTLAW, 1988 WL 55316].

## Appeals from Orders of Remand are Interlocutory

This Court has held that "an order of remand by the Superior Court to the Industrial Accident Board is an interlocutory and not a final order." *Taylor v. Collins and Ryan, Inc.*, Del.Supr., 440 A.2d 990, 990 (1981) (per curiam). *Taylor* has been interpreted by this Court "as applying to all remands except remands for 'purely ministerial' functions." *DiSabatino Bros., Inc. v. Wortman*, Del.Supr., 453 A.2d 102, 104 n. 3 (1982). This principle is applicable to the appellate review of any order that has set aside a prior decision by a board or an administrative agency. *See* Supr.Ct.R. 42(b)(iii).

The procedures to be followed in this Court with respect to interlocutory appeals are set forth in Supreme Court Rule 42. In *DiSabatino Bros.*, this Court noted that the *"Taylor* decision should constitute notice to the Bar as to the general applicability of Rule 42 in this situation," i.e., an order of remand. 453 A.2d at 104. In *DiSabatino Bros.*, this Court also announced its intention to amend Rule 42 "to make it clear that eligibility for interlocutory review under Rule 42 is not foreclosed by a Superior Court remand when the administrative agency has determined a substantial issue and established a legal right...." *Id.* In fact, Rule 42 has been amended and now sets forth the criteria for determining when an order of remand shall be accepted for interlocutory review:

> An order of the trial court has reversed or set aside a prior decision of the court, a jury, or an administrative agency from which an appeal was taken to the trial court which had determined a substantial issue and established a legal right, and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice....

Supr.Ct.R. 42(b)(iii).

## Conclusion

The remand by the Superior Court in this case was not solely ministerial. The Superior Court's decision remanded this matter to the Board for a reconsideration of Linton's eligibility for compensation as a matter of law and, if appropriate, the proper amount of compensation to be awarded to Linton.

We find that this appeal is from an interlocutory order of the Superior Court. The Board has failed to comply with the procedural requirements that are applicable to an appeal from an interlocutory order. *See* Supr.Ct.R. 42; *Julian v. State*, Del.Supr., 440 A.2d 990, 991 (1982) (per curiam).

Therefore, this appeal by the Board is DIS-MISSED.