
Kathleen S. POLLARD, Plaintiff Below, Appellant,

v.

THE PLACERS, INC., Defendant Below, Appellee.

No. 363, 1996.

Supreme Court of Delaware.

Submitted: Feb. 18, 1997.

Decided: March 21, 1997.

Rehearing Denied April 22, 1997.

Harvey Bernard Rubenstein, Wilmington, for Appellant.

Natalie S. Wolf, Young, Conaway, Stargatt & Taylor, Wilmington, for Appellee.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT, and BERGER, JJ., constituting the Court en Banc.

WALSH, Justice:

In this appeal from the Superior Court, we consider an issue raised by this Court, *sua sponte:* whether an award of counsel fees to a claimant incident to a remand to the Industrial Accident Board for further proceedings is an appealable judgment. We conclude that such an award, although creating a fixed entitlement, is an interlocutory order, not appealable as a matter of right. Accordingly, we dismiss the appeal without prejudice.

I

The underlying controversy arose when the appellant, Kathleen Pollard ("Pollard"), sustained a foot injury while in the employment of the appellee, The Placers, Inc. ("Placers"). As a result of her injury, Pollard petitioned the Industrial Accident Board ("Board") for compensation due to disfigurement. Following a hearing, the Board awarded Pollard five weeks of benefits at a weekly compensation rate of $137.05, totaling $685.25, and a "reasonable attorney's fee equal to 30 percent of the award." Pollard appealed the Board's decision to the Superior Court, contending that it was inadequate in light of the severity of her disfigurement.

In her Superior Court appeal, Pollard advanced three claims of error: (i) that the Board failed to make necessary computations; (ii) the Board's decision was not supported by substantial evidence; and (iii) the Board failed to consider certain relevant factors in assessing Pollard's disfigurement.

After briefing and argument, the Superior Court reversed and remanded the matter to the Board for additional findings and explanation. The court posited its rulings on the first two arguments advanced by Pollard but rejected her third basis for reversal.

Pollard then petitioned the Superior Court for an award of attorney's fees pursuant to 19 *Del.C.* § 2350(f) which provides:

> The Superior Court may at its discretion allow a reasonable fee to claimant's attorney for services on an appeal from the [Industrial Accident] Board to the Superior Court and from the Superior Court to the Supreme Court where the claimant's position in the hearing before the Board is affirmed on appeal. Such fee shall be taxed in the costs and become a part of the final judgment in the cause and may be recovered against the employer and the employer's insurance carrier as provided in this subchapter.

After submissions by the parties, the Superior Court awarded Pollard counsel fees in the amount of $6,812.50. Although substantial in light of Pollard's award, this amounted to less than half of the fee requested by counsel. In reaching this figure, the court reduced the total number of hours requested by one-third in order to reflect Pollard's partial success on appeal. In addition, the court discounted the requested hourly rate because of the (i) lack of novelty or complexity of issues and the (ii) anticipated benefits to be obtained through the remand. Dissatisfied with the award of counsel fees, Pollard filed this appeal with the Court contending that the Superior Court erred, as a matter of law, in reducing the fee application. Placers is contesting the appeal and filed a brief seeking an affirmance of the Superior Court ruling.

After argument before a three justice panel of the Court, this matter was ordered to be resubmitted before the Court *en banc.* In the order directing *en banc* resubmission, this Court *sua sponte,* raised the issue of whether this appeal is interlocutory in nature and directed the parties to file supplemental memoranda on the question of "whether an award of attorneys' fees was a final judgment." *Pollard v. The Placers, Inc.,* Del.

Supr., No. 363, 1996, Veasey, C.J. (Dec. 20, 1996). After consideration of the supplemental memoranda and argument, we now conclude that a Superior Court order awarding counsel fees is an interlocutory ruling and not reviewable absent compliance with Supr. Ct.R. 42.

II

To a degree, the parties are in agreement that the Superior Court's fee award is not an interlocutory order. Pollard argues that the Superior Court order was separate from the merits of her appeal from the Board, is fixed, and is not subject to further consideration at the Superior Court level. To the extent that the Superior Court's order fixing counsel fees has resolved that aspect of the parties dispute, it is argued, the order constitutes a final judgment because it "leaves nothing for future determination or consideration." *Werb v. D'Alessandro,* Del.Supr., 606 A.2d 117, 119 (1992).

Placers' position is somewhat equivocal. It agrees that, whatever the ultimate decision of the Board proves to be, the fee award is not subject to modification and thus may be viewed as the final act of the Superior Court. It argues, however, that an attorney's fee award entered at the time of a remand is interlocutory because an order remanding a case to the board for further findings is not an "affirmance" of the claimant's position so as to trigger an entitlement of fees under § 2350(f).

■ Despite some uncertainty in earlier cases, this Court, since the adoption of Supr. Ct.R. 42 in 1981, has adhered to the rule that its appellate jurisdiction may be invoked, as a matter of right, only through a timely appeal from a final judgment of a trial court. *Julian v. State,* Del.Supr., 440 A.2d 990 (1982). An order is deemed final when the trial court has declared its intention that the order is the court's final act in a case. *J.I. Kislak Mtg. Corp. of Delaware v. William Matthews, Builder, Inc.,* Del.Supr., 303 A.2d 648, 650 (1973) (quoting *United States v. F. & M. Schaefer Brewing Co.,* 356 U.S. 227, 232, 233, 78 S.Ct. 674, 677, 678, 2 L.Ed.2d 721 (1958)). Since the adoption of Rule 42, this Court has

consistently ruled that Superior Court orders of remand directed to decisions of administrative agencies, including the Industrial Accident Board, except remands for purely ministerial functions, are interlocutory, not final orders. *Taylor v. Collins and Ryan, Inc.*, Del.Supr., 440 A.2d 990 (1981); *DiSabatino Bros., Inc. v. Wortman,* Del.Supr., 453 A.2d 102, 104 (1982); *Violent Crimes Comp. Board v. Linton,* Del.Supr., 545 A.2d 624, 625 (1988).

Pollard acknowledges that her claim for workers' compensation is subject to further proceedings before the Board on remand but nonetheless contends that there is an element of finality in the fee award which permits an appeal of right. She argues that, in effect, the fee award is a severable judgment and thus final for purposes of appeal. The statute under which the fee award was made, however, suggests that the fee award is simply an element of the final judgment, not an independent appealable ruling. Section 2350(f) of Title 19 provides: *"Such fee shall be taxed in the costs and become a part of the final judgment in the cause* and may be recovered against the employer and the employer's insurance carrier as provided in this subchapter" (emphasis supplied). The statute appears to contemplate situations, as here, where an interim fee award, while fixed, must await resolution of the underlying "cause" before it becomes part of a final judgment.

To a large degree, in the absence of a specific constitutional definition, the determination of what constitutes an appealable order is a policy decision to be made by the appellate tribunal.[1] Article IV, § 11(1)(a) of the Delaware Constitution authorizes this Court "[t]o receive appeals from the Superior Court in civil causes and to determine finally all matters of appeal in the interlocutory or (sic) final judgments and other proceedings of said Superior Court in civil causes...."[2]

Although there is constitutional authority for this Court to accept appeals from both interlocutory and final judgments of the Superior Court, the procedural implementation of that authority is left to the Court's rule making authority under Art. IV § 13(1) and 10 *Del.C.* § 161 (Supreme Court may adopt rules for the conduct of its business). In adopting Rule 42, this Court has made a policy decision that appeals from interlocutory orders would not be accepted unless: (1) the order appealed from met certain criteria; and (2) after special application to the trial court and this Court.

Even apart from the application of Rule 42, an aggrieved party has the assurance that an unappealable interlocutory order is preserved for review upon the entry of a final judgment. Section 144 of Title 10 provides that the "failure to appeal from an interlocutory order, judgment or decree of the Court of Chancery or Superior Court shall not bar a party from making any objection to such interlocutory order, judgment or decree on appeal from the final order, judgment or decree." To the extent that this statute permits a litigant to forgo an immediate appeal of an interim order of an award of counsel fees, it is consistent with, and complementary to, the fixing of a counsel fee award as part of a final judgment under 19 *Del.C.* § 2350(f), as discussed above.

III

Although we conclude that this appeal must be dismissed as interlocutory, we note that Pollard's entitlement to an award of counsel fees became fixed as of the date of the Superior Court award. If the award is eventually sustained, or not further contested, it is subject to payment with interest accrued from the date of the award. Since that fee allowance will be incorporated in a final judgment on the merits, entered in the future by the Superior Court, the counsel

---

1. For federal appellate purposes, the Supreme Court of the United States, in the exercise of its supervisory role, has drawn a "bright-line rule" which, prospectively, imparts finality to a decision on the merits, notwithstanding an unresolved request for attorney's fees. *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988).

2. The 1996 supplement to the Delaware Code Annotated contains an obvious typographical error in substituting "of" in place of "or." The correct phrasing appears in the 1974 Revision of the Delaware Code Annotated as originally published.

fee order will be subject to appeal as a part of that final judgment. In the event no further appeals are taken by either party from future orders of the Superior Court with respect to the merits of the dispute, entitlement to the award of counsel fees will become final at the conclusion of any appeal period.