KCI TECHNOLOGIES, INC., Employer Below-Appellant,
v.
RONALD BANKS, Employee Below-Appellee.
No. 87, 2009
Supreme Court of Delaware
Submitted: May 11, 2009
Decided: June 15, 2009
Revised: July 1, 2009
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
CAROLYN BERGER, Justice
This 15th day of June 2009, upon consideration of the notice to show cause and the response thereto, it appears to the Court that:
(1) The employer-appellant, KCI Technologies, Inc. ("KCI"), filed this appeal from an order of the Superior Court reversing a decision of the Industrial Accident Board, which denied Ronald Banks' petition to determine compensation due. The IAB, after holding a hearing, found that Banks' petition was barred by the applicable two-year statute of limitations. The Superior Court reversed that decision on appeal. KCI now appeals to this Court from the Superior Court's reversal of the IAB's decision.
(2) On April 16, 2009, the Clerk of the Court issued a notice to KCI to show cause why the appeal should not be dismissed for KCI's failure to comply with the procedures of Supreme Court Rule 42 when appealing from an interlocutory order of the Superior Court. In its response to the rule to show cause, KCI contends that it was not required to comply with Rule 42 because the Superior Court's decision is final and appealable. Without citing any legal authority, KCI contends that the matter was not remanded to the IAB for anything other than "purely ministerial" functions.[1]
(3) We disagree. The further action required by the IAB is more than "ministerial" in nature. The Superior Court's order of reversal now requires the IAB to decide Banks' claim and to fashion an appropriate final judgment of the merits of his petition.[2] Because the underlying cause in this appeal is still pending before the IAB for a decision on the merits, the matter must be dismissed as interlocutory.
NOW, THEREFORE, IT IS ORDERED that the within appeal is hereby DISMISSED.
NOTES
[1] Pollard v. The Placers, Inc., 692 A.2d 879, 880-81 (Del. 1997).
[2] Agilent Technologies v. Delpizzo, 2005 WL 583744 (Del. Mar. 10, 2005).