IN THE SUPREME COURT OF THE STATE OF DELAWARE

SAMUEL WOODS,[1]      §
     § No. 606, 2015
        Respondent Below-      §
        Appellant,      §
     § Court Below—Family Court
        v.      § of the State of Delaware,
     § in and for Kent County
JESSICA WOODS,      § File No. CK08-03006
     § Pet. No. 08-36179
        Petitioner Below-      §
        Appellee.      §

Submitted:   June 10, 2016
Decided:     August 19, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

**O R D E R**

This 19th day of August 2016, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)  The appellant, Samuel Woods ("the Husband"), filed a notice of appeal on November 10, 2015 from two orders of the Family Court dated July 13, 2015 and October 14, 2015. The July 13, 2015 Order divided the parties' property ancillary to their divorce and awarded the appellee, Jessica Woods ("the Wife"), her reasonable attorney's fees due to the Husband's conduct during the course of discovery ("the Property Division Order"). The October 14, 2015 Order addressed the Husband's motion, which was filed on August 7, 2015, seeking clarification of

---

[1] The Court previously assigned pseudonyms to the parties.

the division of the Husband's retirement account for purposes of drafting a Qualified Domestic Relations Order ("the Clarification Order"). Although the parties have filed briefs addressing the merits of the Property Division Order, we conclude that the Husband's appeal from the Property Division Order is untimely, and we lack jurisdiction to consider the arguments that the Husband raises in his opening brief. The appeal, therefore, must be dismissed.

(2) The record reflects that the parties married in September 2000, separated in July 2008, and divorced in January 2009. The Family Court held a hearing on the parties' ancillary matters on April 22, 2015. On July 13, 2015, among other rulings, the Family Court issued its twelve-page Property Division Order, dividing the parties' marital assets and debts. As part of the Property Division Order, the Family Court held that the Wife was entitled to her reasonable attorney's fees due to the delay of the case caused by the Husband's conduct during the course of discovery. The Wife's counsel was directed to submit an affidavit and proposed order regarding her attorney's fees. On July 23, 2015, the Family Court awarded the Wife $2500.00 in attorney's fees ("the Attorney's Fees Order").

(3) The Husband did not file an appeal within thirty days of the Attorney's Fees Order, which was the Family Court's final order for appeal

2

purposes.[2]  Moreover, the Husband did not file a timely motion for reargument of the Family Court's Property Division Order or Attorney's Fees Order, which would have tolled the finality of the Family Court's ancillary judgment.[3]

(4)    On August 7, 2015, the Husband, through his then-counsel, filed a "Motion for Clarification," requesting the Family Court to clarify one sentence of the Property Division Order regarding whether the Wife's 50% interest in the Husband's retirement account (valued at $383.00) was a flat 50% interest or whether the Wife's 50% interest was to be determined using the *Cooper* formula.[4] The Husband purported to seek clarification in order to draft an appropriate Qualified Domestic Relations Order.[5]  The Wife responded to the Husband's motion, stating that no clarifying order was necessary because it was clear from the context of the Property Division Order that only the parties' pensions were subject to the *Cooper* formula.  On October 14, 2015, the Family Court signed the form order attached to the Wife's response, which granted in part and denied in part the

---

[2] *Lipson v. Lipson*, 799 A.2d 345, 348 (Del. 2001) (holding that "a judgment on the merits of any request for ancillary relief is not final until an outstanding related application for an award of attorney's fees has been decided.").

[3] *Pinkert v. Wion*, 431 A.2d 1269, 1270 (Del. 1981).

[4] The *Cooper* formula is a method of dividing pension benefits, which was approved by this Court in *Jerry L.C. v. Lucille H.C.*, 448 A.2d 223, 225-26 (Del. 1982).

[5] In fact, in discussing the appropriate division of the parties' respective retirement and pension accounts, the Family Court twice indicated that only the pension accounts were subject to the *Cooper* formula.  *See Woods v. Woods*, File No. CK08-03006, at 5, 8 (Del. Fam. Ct. July 13, 2015).  In a later paragraph, however, the Family Court mistakenly indicated that "[t]he parties' *retirement* accounts shall be divided by the *Cooper* formula…." *Id*. at 10 (emphasis added).

Husband's request for clarification. The Family Court restated its intent that only the parties' pension accounts were subject to division using the *Cooper* formula. On November 10, 2015, the Husband, acting *pro se*, filed his notice of appeal in this Court, purporting to appeal from both the Property Division Order and the Clarification Order.

(5) The Husband filed his opening brief on appeal on January 27, 2016. His brief raises issues challenging only the Property Division Order. The Wife filed her answering brief on appeal on March 28, 2016. Although the Wife's answering brief addresses the merits of the Husband's arguments and does not address the Court's lack of jurisdiction to consider the appeal, we cannot construe this failure as a waiver of the jurisdictional issue.[6] This Court has an obligation to address any jurisdictional defects, even if not raised by the parties,[7] and may involuntarily dismiss any appeal, *sua sponte*, if the appeal fails to invoke the Court's jurisdiction.[8]

(6) A civil appeal must be filed within thirty days after entry upon the docket of the final judgment, order or decree from which the appeal is taken.[9] The

---

[6] *Branch Banking & Trust Co. v. Eid*, 114 A.3d 955, 959 (Del. 2015) (holding that the parties cannot waive issues regarding appellate jurisdiction and cannot confer jurisdiction by consent).

[7] *See, e.g., Pollard v. The Placers, Inc.*, 692 A.2d 879 (Del. 1997) (raising, *sua sponte*, a jurisdictional issue regarding the finality of the judgment on appeal).

[8] Del. Supr. Ct. R. 29(c) (2016).

[9] Del. Supr. Ct. R. 6(a)(i) (2016).

Court lacks jurisdiction to consider an untimely appeal *unless* the untimeliness is attributable to court personnel.[10] Although a timely-filed motion for reargument under Rule 59(e)[11] will toll the period for filing an appeal from a Family Court judgment, an untimely motion will not.[12]

(7) In this case, we conclude that the Family Court's Property Division Order became final and appealable on July 24, 2015, the day that the Attorney's Fees Order was docketed. The Husband's Motion for Clarification, filed on August 7, 2015, did not toll the finality of the Property Division Order because, even given a generous reading, the motion could not be construed as a motion for reargument under Family Court Rule 59(e). The Husband's Motion for Clarification did not take issue with any substantive aspect of the Family Court's Property Division Order but merely sought to correct an error that, upon reading the clearly expressed intent of the Property Division Order as a whole, was an obvious typographical error. The Clarification Order did not replace, or substitute for, the Property Division Order in any way. Moreover, even if the Husband's Motion for Clarification could be construed as a motion for reargument of the

---

[10] *Branch Banking & Trust Co. v. Eid*, 114 A.3d at 957.

[11] *See* Fam. Ct. Civ. R. 59(e) (2016) (stating that a motion for reargument "shall be served and filed" within 10 days after the Family Court's opinion or decision). Under Family Court Civil Rule 6(a), computation of the 10-day reargument period includes intermediate weekends and holidays.

[12] *Tomasetti v. Wilmington Sav. Fund Soc'y*, 672 A.2d 61, 64 (Del. 1996).

Property Division Order, it was not timely filed under Rule 59(e), and only timely motions for reargument toll the finality of a trial court's judgment.[13]

(8)  Without the tolling effect of a timely-filed motion for reargument under Rule 59(e), the Husband's notice of appeal from the Family Court's final judgment docketed on July 24, 2015 should have been filed in this Court on or before August 24, 2015.  It was not.  Accordingly, the Court has no jurisdiction to consider the Husband's appeal from the Property Division Order or the Attorney's Fees Order.  Therefore, that aspect of his appeal must be dismissed.  Moreover, because the Husband's opening brief fails to raise any points challenging the Clarification Order, we conclude that his appeal from that judgment must be affirmed.

NOW, THEREFORE, IT IS ORDERED that the Husband's appeal from the Family Court's order dated July 13, 2015 is hereby DISMISSED as untimely.  The Family Court's judgment dated October 14, 2015 is hereby AFFIRMED.

BY THE COURT:
*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[13] *McDaniel v. DaimlerChrysler Corp*., 860 A.2d 321, 322-23 (Del. 2004).