COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: September 20, 2016
Date Decided: November 10, 2016

Stephen P. Lamb, Esquire
Meghan M. Dougherty, Esquire
Paul, Weiss, Rifkind, Wharton
    & Garrison LLP
500 Delaware Avenue, Suite 200
Wilmington, DE 19801

Kevin G. Abrams, Esquire
J. Peter Shindel, Jr., Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Thad J. Bracegirdle, Esquire
Wilks, Lukoff & Bracegirdle, LLC
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805

Joel Friedlander, Esquire
Friedlander & Gorris, P.A.
1201 N. Market Street, Suite 2200
Wilmington, DE 19801

Re: *AM General Holdings LLC v. The Renco Group, Inc.*
     C.A. No. 7639-VCS
    *The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
     C.A. No. 7668-VCS

Dear Counsel:

The Court issued its Memorandum Opinion granting MacAndrews AMG

Holdings LLC's ("MacAndrews AMG") motion for partial summary judgment on

August 22, 2016. In doing so, the Court determined that certain breach of contract

*AM General Holdings LLC v. The Renco Group, Inc.*
   C.A. No. 7639-VCS
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
   C.A. No. 7668-VCS
November 10, 2016
Page 2

claims asserted by the Renco Group, Inc. ("Renco") against MacAndrews AMG were time barred. Renco did not move for reargument under Court of Chancery Rule 59(f). Instead, on September 6, 2016, fifteen days after the Court issued the Memorandum Opinion, Renco filed a Motion to Alter, Amend or Revise the Court's Order Granting Partial Summary Judgment ("the Motion"). In the Motion, Renco argues that the Court's decision "was based on . . . fundamental legal errors."[1] The Motion is denied for two independent reasons.

*First*, the Motion is procedurally improper. Rule 59(f) requires that motions for reargument "be served and filed within 5 days after the filing of the Court's opinion." For reasons it has elected not to explain or justify, Renco chose not to timely file a motion for reargument even though it clearly could and should have done so as the proper means to bring the alleged "legal errors" to the Court's

---

[1] The Renco Group, Inc.'s Br. in Supp. of Its Mot. to Alter, Amend or Revise the Court's Order Granting Partial Summ. J. ("Renco Br.") at 2.

*AM General Holdings LLC v. The Renco Group, Inc.*
   C.A. No. 7639-VCS
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
   C.A. No. 7668-VCS
November 10, 2016
Page 3

attention.[2] Renco cannot "circumvent" Rule 59(f)'s five-day deadline "by labeling [its] motion as one to alter or amend the judgment[.]"[3]

Renco's effort to style its time-barred motion for reargument as a motion to alter or amend the Court's "judgment" under Rule 59(e) fails for an additional, and more fundamental, procedural reason. The Court has not yet entered a judgment. The Memorandum Opinion is an interlocutory order that dismissed only a portion of Renco's breach of contract claims. Neither Rule 59(e) nor Rule 60(b) are proper vehicles to seek reconsideration of an interlocutory order of the Court that has yet to be entered as a judgment.[4]

---

[2] *See PNC Bank v. Marty's Mobile Homes, Inc.*, 2001 WL 849866, at *1 (Del. Ch. July 10, 2001) ("The Court will grant an applicant's motion for reargument where it appears that the 'Court has overlooked a decision or principal of law that would have a controlling effect or the Court has misapprehended the law or the facts so that the outcome of the decision would be affected.").

[3] *Nicholson v. Sullivan*, 637 A.2d 828 (TABLE), 1993 WL 542297, at *1 (Del. Dec. 6, 1993).

[4] *See Cantor Fitzgerald, L.P. v. Cantor*, 2001 WL 536911, at *2 (Del. Ch. May 11, 2001) (noting that a motion to amend a judgment under Rule 59(e) or Rule 60(b) is not procedurally proper when the Court has not yet issued a final order).

*AM General Holdings LLC v. The Renco Group, Inc.*
   C.A. No. 7639-VCS
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
   C.A. No. 7668-VCS
November 10, 2016
Page 4

Renco's untimely attempt to seek reargument of the Memorandum Opinion is procedurally improper. For this reason alone, it must be denied.[5]

*Second,* the Motion is wrong on the merits. The Court concluded that certain of Renco's claims were time barred and that Renco's efforts to invoke the time of discovery rule or equitable tolling as a basis to avoid the statute of limitations for breach of contract missed the mark. Renco argues that the Court improperly imposed upon Renco a duty to inquire whether its business partner, MacAndrews AMG, was complying with its contractual obligations, and also improperly concluded that equitable tolling applied only in instances where a fiduciary relationship existed between the contracting parties.[6] Both arguments mischaracterize the Court's analyses and holdings.

---

[5] *See Pinkert v. Wion*, 431 A.2d 1269 (Del. 1981) (motion for reargument must be filed within five days of the issuance of the opinion or it is time barred).

[6] Renco Br. at 2–3.

*AM General Holdings LLC v. The Renco Group, Inc.*
   C.A. No. 7639-VCS
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
   C.A. No. 7668-VCS
November 10, 2016
Page 5

According to Renco, the Court denied Renco the opportunity to invoke the time of discovery exception to the statute of limitations because Renco failed affirmatively to inquire into or investigate MacAndrews AMG's potential breaches of contract even though the operative contract gave it rights to do so. Renco argues that the Court needed to identify potential "red flags" or "signals" that would have put Renco on inquiry notice of a potential breach before it could determine as a matter of law that the time of discovery exception did not apply.[7] The argument is based on a flawed factual premise. As the Court made clear in the Memorandum Opinion, the undisputed factual record *did* reveal "red flags" or "signals" that MacAndrews AMG was charging to the GEP business ER&D costs and expenses in a manner that Renco alleges breached the operative contract between the parties.[8] These facts, when coupled with the contractual rights Renco bargained for to obtain direct access to MacAndrews AMG's books and records,

---

[7] *Id.* at 2.

[8] *See Am. Gen. Hldgs., LLC v. The Renco Gp., Inc.*, 2016 WL 4440476, at *4–5 n.32, 33, 34 & 35, 14–15 (Del. Ch. Aug. 22, 2016). The Court has adopted conventions utilized in the Memorandum Opinion.

*AM General Holdings LLC v. The Renco Group, Inc.*
  C.A. No. 7639-VCS
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
  C.A. No. 7668-VCS
November 10, 2016
Page 6

take this case outside of the limited realm of cases where Delaware courts will excuse a plaintiff's failure to timely pursue its legal remedies because its injuries were inherently unknowable.

Renco also contends that the Court improperly determined that Renco could not invoke the doctrine of equitable tolling because MacAndrews AMG owed no fiduciary duties to Renco. According to Renco, the Court incorrectly concluded that equitable tolling applies only in instances where the plaintiff in good faith relied upon the faithful conduct of a fiduciary when, in fact, the doctrine also applies to instances where the plaintiff relies in good faith upon the faithful performance of its "contractual counterparty."[9]

The Memorandum Opinion's treatment of Renco's equitable tolling argument focused on the lack of a fiduciary relationship between Renco and MacAndrews AMG because that is what *Renco* focused on in its opposition to

---

[9] Renco Br. at 3.

*AM General Holdings LLC v. The Renco Group, Inc.*
   C.A. No. 7639-VCS
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
   C.A. No. 7668-VCS
November 10, 2016
Page 7

MacAndrews AMG's motion.[10] Renco did not advance the argument it is making now regarding the applicability of the equitable tolling doctrine to purely contractual relationships when it initially opposed MacAndrews AMG's motion for partial summary judgment; indeed, the case Renco principally relies upon here to support its argument, *Coleman v. PricewaterhouseCoopers, LLC,*[11] appears nowhere in its Opposition. In any event, having concluded that the alleged injury was not inherently unknowable as a matter of undisputed fact, and that Renco was not "blameslessly ignorant," I remain satisfied that Renco cannot avail itself of equitable tolling regardless of whether it bases its supposed reliance on a fiduciary or contractual relationship with MacAndrews AMG.[12]

---

[10] *See* The Renco Gp., Inc.'s Mem. of Law in Opp'n to MacAndrews AMG Hldgs. LLC's Mot. for Partial Summ. J. ("Opposition"), at 39 ("For example, '[u]nder the theory of equitable tolling, the statute of limitations is tolled for claims of wrongful self-dealing . . . where a plaintiff reasonably relies on the competence and good faith of a fiduciary.").

[11] 854 A.2d 838 (Del. 2004). *See* Renco Br. at 24-25.

[12] *See Coleman,* 854 A.2d at 842 (holding that "[i]gnorance of the cause of action will not toll the statute, absent concealment or fraud, or unless the injury is inherently unknowable and the claimant is blamelessly ignorant of the wrongful act and the injury complained of.").

*AM General Holdings LLC v. The Renco Group, Inc.*
  C.A. No. 7639-VCS
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
  C.A. No. 7668-VCS
November 10, 2016
Page 8

Based on the foregoing, the Motion is **DENIED**.

**IT IS SO ORDERED**.

Very truly yours,

*/s/ Joseph R. Slights III*