IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARY R. STREET,[1] | § | |
| | § | No. 340, 2016 |
| Respondent Below-Appellant, | § | |
| | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware, |
| | § | in and for Sussex County |
| CHARLES A. BUTLER, | § | File No. CS06-01448 |
| | § | Petition Nos. 15-29819 and |
| Petitioner Below-Appellee. | § | 15-24435 |
| | § | |

Submitted: March 7, 2017
Decided: March 13, 2017

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 13th day of March 2017, upon consideration of the notice to show cause and the appellant's response thereto, it appears to the Court that:

(1) The appellant, Mary Street, filed this appeal from a Family Court decision, dated May 31, 2016, which ruled upon the parties' cross-petitions for contempt. Although the appellee, Charles Butler, was represented by counsel in the Family Court, both Butler and Street are *pro se* on appeal. It was not until after the case was briefed and submitted for decision that it became clear that there was a petition for attorneys fees related to the cross-petitions for contempt still pending in the Family Court.

---

[1] The Court assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

(2)　On February 13, 2017, the Clerk of the Court issued a notice to Street to show cause why her appeal should not be dismissed on the ground that the Family Court's decision on the cross-petitions is an interlocutory judgment, and Street failed to comply with the requirements of Supreme Court Rule 42 in filing an interlocutory appeal.

(3)　Street filed a response to the notice to show cause on March 7, 2017. She contends that Butler never filed a motion to dismiss the appeal as interlocutory and that it would be unfair for this Court to dismiss it now that the case is fully briefed.

(4)　Unfortunately, despite being fully briefed, this Court cannot decide an appeal over which it does not have jurisdiction.[2] Although the Family Court's order on the cross-petitions for contempt sustained Butler's entitlement to an award of attorney fees, the amount of that award has not been established thus rendering the judgment interlocutory.[3]

(5)　Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final trial court orders.[4] Street's failure to comply with Supreme Court Rule 42 leaves this Court without jurisdiction to hear her interlocutory appeal. Dismissal of this

---

[2] *See Pollard v. The Placers, Inc.*, 692 A.2d 879, 881 (Del. 1997).
[3] *Id.* at 881-82; *Lipson v. Lipson,*799 A.2d 345, 348-49 (Del. 2001).
[4] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

appeal is without prejudice to Street's right to appeal the Family Court's ruling on the cross-petitions for contempt after the issue of attorneys fees has been decided and a final judgment is entered.

NOW, THEREFORE, IT IS ORDERED that the within interlocutory appeal is hereby DISMISSED.

BY THE COURT:

_Randy J. Holland_
Justice