IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN TOWERS,[1] | § | |
| | § | No. 212, 2017 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN14-04728 |
| JANET FOWLER, | § | Petition No. 16-32959 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: June 7, 2017
Decided: June 14, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

This 14th day of June 2017, it appears to the Court that:

(1)     On May 22, 2017, the appellant, John Towers, filed a notice of appeal from the Family Court's order of May 19, 2017, denying his motion for an emergency *ex parte* order in a custody matter. The Family Court docket reflects that it was Towers' seventh such motion in the case and that all of his prior motions were denied.

(2)     On May 23, 2017, the Clerk issued a notice directing Towers to show cause why the appeal should not be dismissed for his failure to comply with Supreme

---

[1] By Order dated May 23, 2017, the Court, acting *sua sponte*, assigned pseudonyms to the parties. Del. Supr. Ct. R. 7(d).

Court Rule 42 when taking an appeal from an apparent interlocutory order.[2]  Towers filed a response to the notice on June 7, 2017.  His response does not address his failure to comply with the Rule 42 procedures.

(3)     Absent compliance with Rule 42, this Court is limited to the review of a final judgment.[3]  An order is deemed final and appealable if the trial court has declared that the order is the court's final act in the matter before it.[4]

(4)     An interlocutory order is an interim order that does not dispose of the entire case but leaves it for further action to settle and determine the controversy.[5] An interlocutory order is not appealable as a matter of right, and an appeal from an interlocutory order will not be accepted unless special application is made to the trial court and this Court, and the order meets certain criteria.[6]

(5)     In this case, the Family Court did not intend its May 19 order to be the final act in the underlying custody matter.  The May 19 order denies the issuance of an *ex parte* order and provides that the action "will proceed in the usual course of business."

---

[2] Del. Supr. Ct. R. 29(b).

[3] *Palmer v. Brown*, 2017 WL 2375546 (Del. May 31, 2017) (citing *Julian v. State*, 440 A.2d 990, 991 (Del. 1982)).

[4] *Id.* (citing *J.I. Kislak Mortg. Corp. v. William Matthews Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973)).

[5] *Gottlieb v. State*, 697 A.2d 400, 401 n.12 (Del. 1997).

[6] *Pollard v. The Placers, Inc.*, 692 A.2d 879, 881 (Del. 1997).

(6)     The May 19 order denying Towers' motion for emergency *ex parte* order is an interlocutory and not a final order.[7] Because Towers did not comply with Rule 42 when filing the appeal, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b) that the appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[7] *Accord Baker v. Ivory*, 2011 WL 2342711 (Del. June 13, 2011) (dismissing appeal of order denying motion for emergency *ex parte* relief as interlocutory).