# SUPERIOR COURT
## of the

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

January 11, 2019

Walt F. Schmittinger, Esquire
Candace E. Holmes, Esquire
Schmittinger & Rodriguez
414 South State Street
Dover, DE 19901

John J. Klusman, Esquire
Tybout, Redfearn & Pell
750 Shipyard Drive, Suite 400
Wilmington, DE 19801

> RE: *State of Delaware v. Nicholas Gates*
> *K18A-04-002 JJC*

Submitted: January 9, 2019
Decided: January 11, 2019

Counsel:

The Court has considered the parties' procedural and substantive arguments regarding the State's motion to stay the award of attorneys' fees. With regard to procedural issues, the Court considers Mr. Gates's January 2, 2019 motion for reconsideration to be a motion for reargument pursuant to Superior Court Civil Rule 59(e). Such a motion must be filed within five business days of the date of the order at issue.[1] Here, the challenged order is the Court's January 2, 2019 Order to Stay Execution of the Judgment. Accordingly, Mr. Gates's motion for reargument is timely. His response in opposition to the State's motion to stay, that he attached to the motion

---

[1] Super.Ct. Civ. R. 59(e).

for reargument, is deemed filed. The Court further finds that the circumstances in this case warrant reargument.

With regard to the substantive issues, the stay remains appropriate. The Court finds persuasive the two cases the State cites in support of its position. Both *Pollard v. The Placers, Inc.*[2] and *Playtex v. Roland*[3], recognize, in the context of ongoing workers' compensation litigation, that an award of attorneys' fees is interlocutory, as long as litigation is ongoing.

Stays traditionally require a balancing of the equities. Because any attorneys' fees award will fluctuate after the appeal (they will either not be awarded or will significantly increase), and the costs at issue are easily secured by issuance of a supersedeas bond, the stay remains appropriate. The Court has considered Mr. Gates's arguments regarding the Delaware Supreme Court's decision in *Kirpat v. Delaware Alchololic Beverage Commission.*[4] The Court finds that case and its requirement to apply four discrete factors to be distinguishable. Namely, the circumstances in that case involved a request to stay a judgment representing a complete disposition of the merits of a case that closed the appellants business.[5] Here, when balancing the relevant equities given (1) the protection available to Mr. Gates through posting a supersedas bond in the amount of the attorneys' fees awarded to date, and (2) recognizing that the portion of the judgment sought to be stayed are costs that will change after final disposition of the Supreme Court appeal, a stay of that portion of the judgment remains appropriate.

As a final matter, Mr. Gates correctly argues that because the award of

---

[2] 692 A.2d 879 (Del. 1997).
[3] 2004 WL 220332 (Del. Feb. 2, 2004).
[4] 741 A.2d 356 (Del. 1998).
[5] *Id*. At 358.

attorneys' fees is included in the final judgment, Supreme Court Rule 32 and Article IV, section 24 of the Delaware Constitution require posting of a supersedeas bond or other sufficient security in order to perfect a stay. The Court had stayed the matter prior to the State filing a bond. The most practical approach at this point is to require the State to present a supersedeas bond or other sufficient security in the amount of the currently awarded attorneys' fees within ten days of the date of this Order. If the State does not, then the Stay shall be deemed vacated without further order of this Court. For these reasons, Mr. Gates's motion for reargument seeking to vacate the Stay is **DENIED**.

      **IT IS SO ORDERED**.

Very truly yours,

/s/Jeffrey J Clark
Judge