IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PEPSI BOTTLING VENTURES, LLC, | § | |
| | § | No. 16, 2019 |
| Employer Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. K18A-05-003 |
| TERESA HOLBEN, | § | |
| | § | |
| Claimant Below, Appellee. | § | |
| | § | |

Submitted: January 22, 2019
Decided: February 1, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

After consideration of the notice to show cause, the appellant's response, and the decisions of the Superior Court and the Industrial Accident Board, it appears to the Court that:

(1) On January 10, 2019, the appellant, Pepsi Bottling Ventures, LLC ("Pepsi"), filed a notice of appeal from a December 13, 2018 decision of the Superior Court in an appeal from a decision of the Industrial Accident Board (the "Board").

(2) The appellee, Teresa Holben, experienced a work-related injury while employed by Pepsi. After Holben partially recovered following a period of total disability, the parties disputed how the Board should calculate the compensation rate for Holben's temporary partial disability benefits. After a hearing, the Board

awarded compensation at a lower rate than Holben claimed was warranted. The Board awarded Holben medical witness fees under 19 *Del. C.* § 2322(e), but it determined that she was not entitled to an award of attorneys' fees under 19 *Del. C.* § 2320 because Pepsi had made a settlement offer at least thirty days before the hearing that was greater than the award that Holben received from the Board.[1] Holben appealed to the Superior Court.

(3) On appeal, the Superior Court affirmed the Board's compensation award, but it reversed the denial of attorneys' fees, holding that attorneys' fees were available under the statute because Pepsi's settlement offer had explicitly excluded medical witness fees and the Board had awarded Holben medical witness fees. The Superior Court remanded the case to the Board "with direction to the Board to award Ms. Holben attorney's fees pursuant to 19 *Del. C.* 2320."

(4) On January 10, 2019, Pepsi filed a notice of appeal in this Court. Pepsi did not comply with Rule 42, which sets forth the procedural requirements for invoking the jurisdiction of this Court to consider an appeal from an interlocutory

---

[1] *See* 19 *Del. C.* § 2320(10)(a)-(b) (providing for an award of attorneys' fees to a successful claimant, unless "an offer to settle an issue pending before the Industrial Accident Board is communicated to the claimant or the claimant's attorney, in writing, at least 30 days prior to the trial date established by the Board on such issue and the offer thus communicated is equal or greater than the amount ultimately awarded by the Board at the trial on that issue . . . . The written offer shall also unequivocally state whether or not it includes medical witness fees and expenses . . . .").

order. The Senior Court Clerk issued a notice directing Pepsi to show cause why the appeal should not be dismissed as an improper interlocutory appeal.

(5) In response to the notice to show cause, Pepsi argues that the Superior Court's ruling is not interlocutory. Specifically, Pepsi contends that the Superior Court's order remanding the case to the Board requires the Board to perform a merely ministerial function, and not a quasi-judicial one.

(6) The Court disagrees. "An order is deemed final and appealable if the trial court has declared its intention that the order be the court's 'final act' in disposing of all justiciable matters within its jurisdiction."[2] The further action required by the Board in this matter following remand from the Superior Court does not involve a purely ministerial act but an exercise of discretion by the Board in fashioning an appropriate fee award.[3] The Superior Court's ruling is therefore interlocutory.

---

[2] *Black v. Staffieri*, 2013 WL 1045221 (Del. Mar. 13, 2013). *See also Pollard v. The Placers, Inc.*, 692 A.2d 879, 880 (Del. 1997) ("An order is deemed final when the trial court has declared its intention that the order is the court's final act in a case.").

[3] *Black*, 2013 WL 1045221. *See also* 19 *Del. C.* § 2320(10)(a) (requiring the Board to award a "reasonable" fee); *Street v. Butler*, 2017 WL 991079 (Del. Mar. 13, 2017) ("Although the Family Court's order on the cross-petitions for contempt sustained Butler's entitlement to an award of attorney fees, the amount of that award has not been established thus rendering the judgment interlocutory."); *Del. Bay Surgical Servs., P.A. v. Swier*, 2005 WL 541016 (Del. Feb. 15, 2005) ("This Court consistently has held that a judgment on the merits is not final until an outstanding related application for an award of attorneys fees has been decided. In this case, attorneys fees were awarded as part of the November 30th judgment. The Superior Court, however, has yet to determine the appropriate amount of the award. The further action required by the Superior Court in this matter is not a purely ministerial act but an exercise of discretion by the court in fashioning an appropriate implementing order.").

(7)     Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.  Pepsi's failure to comply with Supreme Court Rule 42 leaves this Court without jurisdiction to hear its interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

> BY THE COURT:
>
> */s/ Leo E. Strine, Jr.*
>
> Chief Justice

4