# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TERESA HOLBEN                 :            K18A-05-003 JJC
                                      :            In and for Kent County

                Claimant-Below,     :
                Appellant,         :
                                   :

                v.                   :
                                   :

PEPSI BOTTLING VENTURES, LLC, :

                                   :
                Employer-Below,   :
                Appellee.          :

## ORDER

Submitted:  January 22, 2019
Decided:  February 11, 2019

*Upon Appellant's Application for Attorney's Fees:  **DEFERRED***

On this 11th day of February, 2019, upon consideration of Appellant, Teresa Holben's ("Ms. Holben's") application for Attorney's Fees pursuant to 19 *Del. C.* § 2350(f), and Appellee, Pepsi Bottling Ventures, LLC's ("Pepsi's") opposition, it appears that:

1.     Ms. Holben applies for an attorney's fee award following a partially successful Superior Court appeal from an Industrial Accident Board ("IAB") decision. In that appeal, the Court affirmed the IAB's decision in part, reversed it in part, and remanded the matter to the IAB for an award of attorneys' fees.[1]  Thereafter, Pepsi appealed that Order to the Delaware Supreme Court.  The Supreme Court dismissed

---

[1] *Holben v. Pepsi Bottling Ventures, LLC*, 2018 WL 6603792, at *1 (Del. Super. Dec. 13, 2018).

Pepsi's appeal finding it to be interlocutory because the matter had been remanded to the IAB.[2]

2.        Pursuant to 19 *Del. C.* § 2350(f), the Superior Court, in its discretion, may award reasonable attorneys' fees for an appeal from an IAB decision "where claimant's position in the hearing before the Board is affirmed on appeal."[3]   The legislative intent behind the statute is to create a right for a successful claimant to obtain attorneys' fees for the time spent preparing for the appeal from an unfavorable Board decision.[4]

3. Here, the Court will not consider Ms. Holben's petition for fees because the matter has been remanded to the IAB for it to consider the appropriate amount of fees that it must award pursuant to 19 *Del C.* § 2320(10).  This Court cannot properly award attorneys' fees pursuant to 19 *Del. C.* § 2350(f) where there has not yet been a final decision of the IAB.[5]  As the Delaware Supreme Court recognized, "Superior Court orders of remand directed to decisions of administrative agencies, including the Industrial Accident Board, except remand's for purely ministerial functions, are interlocutory, not final, orders."[6]  Based upon the same reasoning that the Supreme Court dismissed Pepsi's appeal of this Court's remand order, the IAB must conclude its findings on remand before the Superior Court addresses the pending fee application.[7]

---

[2] *Pepsi Bottling Ventures, LLC v. Holben*, No. 16, 2019, at *4 (Del. Feb. 1, 2019).
[3] 19 *Del. C.* § 2350(f).
[4] *Elliot v. State*, 2012 WL 7760033, at *1 (Del. Super. Dec. 24, 2012).
[5] *See Murtha v. Continental Opticians, Inc.*, 729 A.2d 312, 320 (1997) (explaining that claimant in that case should have waited until after the Board issued its decision on remand to file a fee application).
[6] *Pollard v. The Placers, Inc.*, 692 A.2d 879, 880-81 (Del. 1997).
[7] *See Black v. Staffieri*, 2013 WL 1045221, at *1 (Del. Mar. 13, 2013) (explaining that "[a]n order is deemed final and appealable if the trial court has declared its intention that the order be the court's "final act" in disposing of all justiciable matters within its jurisdiction"); *and Pollard*, 692 A.2d at 880 (explaining that "[a]n order is deemed final when the trial court has declared its intention that the order is the court's final act in that case.").

2

4. The workers' compensation statutory scheme supports this approach. It requires the IAB to first consider attorneys' fee applications.[8] It then requires the Superior Court to later address applications for fees accrued in the Superior Court.[9] Then, if appropriate, the Superior Court must also consider fee applications triggered by a successful appeal before the Supreme Court.[10] Judicial economy and the statute's structure require the IAB to first issue its final decision. At that point, the Superior Court will consider the pending application and issue a final order. To ensure the parties' appeal rights are appropriately preserved, the Court will modify its December 13, 2018, Order to clarify that the Superior Court also retains jurisdiction of the matter pending the remand. After receiving the IAB's decision on remand, the Superior Court will consider the pending application and issue its final order.

**WHEREFORE**, Appellant Teresa Holben's application for attorneys' fees in this Court is **DEFERRED** until the IAB performs its function on Remand. The Court's December 13, 2018, Order is hereby modified to clarify that the Superior Court retains jurisdiction over the matter so that it may then issue a final order. All other aspects of the December 13, 2018, Order remain in effect.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

---

[8] *See* 19 *Del. C.* § 2320(10)(a)(granting a reasonable attorney's fee in an amount not exceeding 30% of the award or 10 times the average weekly wage in Delaware to any employee awarded compensation by the Board with certain exceptions).
[9] 19 *Del. C.* § 2350(f).
[10] 19 *Del. C.* § 2350(f).