IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARLET DEETTA WARD, | § | |
| | § | No. 2, 2022 |
| Plaintiff Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| DELAWARE STATE POLICE, | § | |
| DELAWARE VICTIM'S | § | C.A. No. K21C-07-017 |
| COMPENSATION | § | |
| ASSISTANCE PROGRAM, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |
| | § | |

Submitted: January 21, 2022
Decided: February 3, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) The plaintiff below/appellant, Carlet DeEtta Ward, filed this appeal from the Superior Court's December 3, 2021 order denying her motion to quash the motion to dismiss filed by the defendants below/appellees. The Superior Court docket reflects that the Superior Court has not yet ruled on the appellees' motion to dismiss. On January 10, 2022, the Senior Court Clerk issued a notice directing Ward

to show cause why her appeal should not be dismissed for her failure to comply with Supreme Court Rule 42 in taking an appeal from an interlocutory order.

(2)     Ward has responded to the notice to show cause and argues that the Superior Court should have granted her motion for a default judgment and that the Superior Court should not consider the merits of the appellees' motion to dismiss. "An order is deemed final when the trial court has declared its intention that the order is the court's final act in a case."[1]  Here, the appellees' motion to dismiss remains pending.  It is clear, therefore, that the Superior Court did not intend for its ruling on Ward's motion to quash to be its final act in this case.

(3)     Absent compliance with Rule 42, the appellate jurisdiction of this Court is limited to the review of final court orders.[2]  Ward's failure to comply with Rule 42 leaves this Court without jurisdiction to hear her interlocutory appeal.  Ward's filing fee for any future appeal from the Superior Court's final judgment shall be waived.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[1] *Pollard v. The Placers, Inc.*, 692 A.2d 879, 880 (Del. 1997).
[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).