IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES L. MARTIN, | § | |
| | § | No. 72, 2022 |
| Plaintiff Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| DAVID H. NIXON, | § | |
| | § | C.A. No. N17C-08-152 |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: March 17, 2022
Decided: March 29, 2022

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After careful consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) The plaintiff below/appellant, James Martin, filed this appeal from a Superior Court jury verdict awarding Martin damages in a personal-injury action. The Superior Court docket reflects that Martin filed several motions following the jury verdict, including a "R[ule] 50 Renewal of Motion for Judgment as a Matter of Law after Verdict, with R[ule] 59 Motion to Alter or Amend a Judgment, or Motion for a New Trial." On March 4, 2022, the Chief Deputy Clerk issued a notice directing Martin to show cause why his appeal should not be dismissed for his failure

to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.

(2)    Martin has responded to the notice to show cause and acknowledges that "outcome-determinative" motions remain pending in the Superior Court. "An order is deemed final when the trial court has declared its intention that the order is the court's final act in a case."[1] Here, several motions, including the aforementioned motion for judgment as a matter of law following trial, remain unsettled. It is clear, therefore, that Martin's appeal is interlocutory.

(3)    Absent compliance with Rule 42, the appellate jurisdiction of this Court is limited to the review of final court orders.[2] Martin's failure to comply with Rule 42 leaves this Court without jurisdiction to hear his interlocutory appeal. Martin's filing fee for any future appeal from the Superior Court's final judgment shall be waived.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[1] *Pollard v. The Placers, Inc.*, 692 A.2d 879, 880 (Del. 1997).
[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).